IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01314-WYD-KMT

DARRELL IGOU, and,
CONNIE IGOU,

      Plaintiffs,

v.

BANK OF AMERICA, N.A., and,
BAC HOME LOANS SERVICING, L.P.,

      Defendants.

_____

## ORDER
_____

THIS MATTER is before the Court on Bank of America, N.A., and BAC Home

Loans Servicing, L.P.'s Motion to Dismiss Plaintiffs' Complaint And Jury Demand

Pursuant To Fed. R. Civ. P. 12(b)(6) [ECF No. 16].  For the reasons stated below, the

motion is GRANTED and the plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On May 20, 2012, plaintiffs, Darrell and Connie Igou, filed this suit against

defendants, Bank of America, N.A. ("Bank of America"), and BAC Home Loans

Servicing, L.P. ("BAC") requesting:  (1) a declaratory judgment regarding their rights and

obligations pursuant to certain loan and mortgage documents; and, (2) this Court to

issue a preliminary and permanent injunction enjoining Bank of America and BAC from

taking further action to enforce or collect upon a defaulted loan executed by the Igous.

In 2003, the Igous purchased a home in Littleton, Colorado.  The Igous mortgaged the property and refinanced their loan several times.  On September 28, 2011, Bank of America was assigned a deed of trust to the Igous's home.  Bank of America commenced foreclosure proceedings on the Igous's home because the Igous's allegedly defaulted on their loan.  On May 20, 2012, the Igous filed this suit to stop foreclosure proceedings.  In their complaint, the Igous:  (1) allege that Bank of America, BAC, and/or their predecessor(s) in interest failed to make disclosures required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (2) request a declaratory judgment, pursuant to 18 U.S.C. § 2201, regarding their rights and obligations under certain loan and mortgage documents; and, (3) request that this Court enjoin Bank of America and BAC from taking further action to collect on the alleged defaulted loan.  On September 11, 2012, Bank of America and BAC filed their Motion To Dismiss Plaintiffs' Complaint And Jury Demand Pursuant To Fed. R. Civ. P. 12(b)(6), arguing that:  (1) Connie Igou lacks standing to bring any claims; (2) the plaintiffs' TILA claim fails because Bank of America and BAC made the required discloses under TILA, and the TILA claim is insufficiently pled and time-barred; and, (3) the plaintiffs are barred from bringing an action for equitable relief because they failed to tender.

**ANALYSIS**

**A.  Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6) of the FEDERAL RULES of CIVIL PROCEDURE**

FED. R. CIV. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a

claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201

(10th Cir. 2003) (citations and quotation marks omitted).  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937 (2007).

In ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), I "must

accept all the well-pleaded allegations of the complaint as true and construe them in the

light most favorable to the plaintiff." *David v. City and County of Denver*, 101 F.3d 1344,

1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997)(citations omitted).  The plaintiff

"must include enough facts to 'nudge[] [his] claims across the line from conceivable to

plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory allegations are not

sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068

(10th Cir. 2009); *see also Twombly*, 550 U.S. at 546 (2007) (The plaintiff's burden

"requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do").  General allegations "encompass[ing] a wide swath of

conduct, much of it innocent" will fail to state a claim. *Robbins v. Oklahoma,* 519 F.3d

1242, 1247 (10th Cir. 2008).

**B.  The Igous's Complaint**

**1.  Declaratory Judgment**

The Igous request that I issue a declaratory judgment declaring their rights and

obligations pursuant to certain loan and mortgage documents. *See* ECF No. 1, p. 4, ¶

19 (emphasis added) ("Under these circumstances, the Court has authority to declare

the rights, status, and legal relations of the parties *under these written documents*").

However, the Igous do not present any written documents for me to analyze and

interpret. There are no attachments to the complaint [ECF No. 1] and the only exhibit

filed in support of the complaint is the civil cover sheet [ECF No. 2]. With no documents

to analyze and interpret, I have no basis to issue a declaration of rights.

### 2. TILA Claim and Injunction

The Igous's basis for an injunction is unclear. What I glean from the complaint is

that: (1) the Igous received a loan to purchase their home in Littleton, CO, and secured

the loan with a mortgage on the property; and, (2) the Igous subsequently rescinded the

loan because First Integrity Title Agency ("First Integrity") allegedly failed to make

disclosures required by TILA. Therefore, Bank of America and BAC have no right to

foreclose on the Igous's home in Littleton, CO, because the Igous rescinded the loan.

First, the Igous fail to allege the connection between First Integrity, Bank of

America, and BAC. The Igous do not allege how Bank of America and BAC are liable

for First Integrity's alleged failure to make TILA disclosures. The Igous merely state that

"[o]n information and belief, the loan was subsequently transferred to the Defendants."

ECF No. 1, p. 3, ¶ 12. Such a statement does not allege a sufficient nexus between

First Integrity, Bank of America, and BAC. Second, the Igous do not allege what First

Integrity allegedly failed to disclose under TILA. Under Rule 8 of the FEDERAL RULES of

CIVIL PROCEDURE's notice pleading standard, "[t]echnical fact pleading is not required,

but the complaint must still provide enough factual allegations for a court to infer

potential victory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). Here, the

Igous allege no connection between First Integrity, Bank of America, and BAC, and do not allege what First Integrity allegedly failed to disclose under TILA.

Plaintiffs must allege sufficient facts to "nudge[] their claim across the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 570.  The Igous fail to do so. Because the Igous's injunction request is based on an alleged TILA violation and such alleged violation is insufficiently pled, the Igous fail to state a claim upon which relief can be granted. *See Sykes v. Mortg. Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 35335, *17 (D. Idaho March 15, 2012) (dismissing TILA claim because "[p]laintiff fail[ed] to allege how TILA was violated, and what documents or disclosures he was not provided, and how he relied upon these alleged inadequate documents or disclosures"); *Tasaranta v. Homecomings Fin.*, 2009 U.S. Dist. LEXIS 87372, *7 (S.D. Cal. Sept. 21, 2009) (dismissing TILA claims because plaintiffs failed to allege which TILA provision the defendants allegedly violated and because the plaintiffs made "conclusory allegations" that the defendants "improperly retained funds" and failed to disclose "true finance charges and fees").

Because of the deficiencies stated above, the Igous's claims are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Bank of America, N.A., and BAC Home Loans Servicing, L.P.'s Motion to Dismiss Plaintiffs' Complaint And Jury Demand Pursuant To Fed. R. Civ. P.

12(b)(6) [ECF No. 16] is **GRANTED**, and Darrell and Connie Igou's claims are

**DISMISSED WITHOUT PREJUDICE**.[1]  In light of this ruling, it is

     FURTHER ORDERED that Bank of America, N.A., and BAC Home Loans

Servicing, L.P.'s Motion For Summary Judgment [ECF No. 32] is **DENIED AS MOOT**.

     Dated:  May 29, 2013.

               BY THE COURT:


               /s/ Wiley Y. Daniel
               Wiley Y. Daniel
               Senior U. S. District Judge

---

[1] This ruling is limited in scope to the issues specifically addressed in this Order.