IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01314-WYD-KMT

DARRELL IGOU, and,
CONNIE IGOU,

      Plaintiffs,

v.

BANK OF AMERICA, N.A., and,
BAC HOME LOANS SERVICING, L.P.,

      Defendants.

_____

## ORDER
_____

THIS MATTER is before the Court on the plaintiffs' Motion To Alter Or Amend

Judgment [ECF No. 35].  For the reasons stated below, the motion is DENIED.

## BACKGROUND

On May 20, 2012, plaintiffs, Darrell and Connie Igou, filed this suit against

defendants, Bank of America, N.A. ("Bank of America"), and BAC Home Loans

Servicing, L.P. ("BAC") requesting:  (1) a declaratory judgment regarding their rights and

obligations pursuant to certain loan and mortgage documents; and, (2) this Court to

issue a preliminary and permanent injunction enjoining Bank of America and BAC from

taking further action to enforce or collect upon a defaulted loan executed by the Igous.

On September 11, 2012, Bank of America and BAC filed their Motion To Dismiss

Plaintiffs' Complaint And Jury Demand Pursuant To Fed. R. Civ. P. 12(b)(6) [ECF No.

16], arguing that:  (1) Connie Igou lacks standing to bring any claims; (2) the plaintiffs'

claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, fails because

Bank of America and BAC made the required disclosures under TILA and the TILA

claim is insufficiently pled and time-barred; and, (3) the plaintiffs are barred from

bringing an action for equitable relief because they failed to tender.  On May 29, 2013, I

issued an Order [ECF No. 33] granting Bank of America and BAC's motion [ECF No.

16] and I dismissed the Igous' claims without prejudice.

On June 27, 2013, the Igous filed a Motion To Alter Or Amend Judgment [ECF

No. 35] arguing that I improperly dismissed their claims.  Bank of America and BAC

responded and argue that I properly applied the law and that the Igous' motion [ECF

No. 35] should be denied.

**ANALYSIS**

**A.  Motion To Alter Or Amend Judgment**

**1.  Legal Standard**

A litigant subject to an adverse judgment, who seeks reconsideration by the

district court of that adverse judgment, may file either a motion to alter or amend the

judgment pursuant to Rule 59(e) of the FEDERAL RULES of CIVIL PROCEDURE or a motion

seeking relief from the judgment pursuant to FED. R. CIV. P. 60(b).  Under FED. R. CIV.

P. 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after

entry of judgment.  In this case, the Clerk of Court entered final judgment [ECF No. 39]

on July 8, 2013, and an amended final judgment [ECF No. 41] on July 10, 2013.  The

Igous filed their Motion To Alter Or Amend Judgment [ECF No. 35] on June 27, 2013.

Thus, the Igous' motion [ECF No. 35] was premature because the Clerk of Court had

not yet entered final judgment.  However, the Igous acknowledge in their motion [ECF

No. 35] that final judgment had not been entered and state that the motion is not filed

pursuant to FED. R. CIV. P. 59. ECF No. 35, p. 1, n.1.  The Igous also state that "to the

extent that action pursuant to Rules 59 and/or 60 may be considered to be appropriate,

Mr. and Mrs. Igou request that this Motion be treated as a motion under those rules." *Id.*

Because final judgment has now been entered, I will construe the motion as being filed

within 28 days of entry of final judgment and will analyze the motion under FED. R. CIV.

P. 59(e).

In order for a movant to succeed on a motion under FED. R. CIV. P. 59(e), the

movant must show either "(1) an intervening change in the controlling law, (2) new

evidence previously unavailable, [or] (3) the need to correct clear error or prevent

manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).  A Rule 59(e) motion is not an opportunity to rehash arguments previously

addressed or to advance new arguments that could have been raised previously. *Id.*

The decision to grant a Rule 59(e) motion is within the district court's discretion. *Brown*

*v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996) ("[I]n

determining whether to grant or deny a Rule 59(e) motion to alter or amend the

judgment, the district court is vested with considerable discretion").

### 2. The Igous' Arguments

#### a.  Dismissal of the Igous' declaratory judgment claim

In their Complaint [ECF No. 1], the Igous request that I issue a declaratory

judgment regarding the parties' rights and obligations under certain loan and mortgage

documents.  However, the Igous do not present any loan or mortgage documents for

me to analyze in order to issue a declaration of rights.  Thus, I concluded that I had no

basis to issue a declaration of rights and dismissed the claim without prejudice.

In the present motion, the Igous argue that my reasoning for dismissing their declaratory judgment claim is flawed and I therefore erred in dismissing the claim. The Igous further argue that because the Defendants did not raise the issue that no documents were before me to analyze, I improperly dismissed the claim.

First, it is axiomatic that in order to issue a declaration of rights, I must have some document before me to analyze and interpret. Parties routinely attach contracts and other documents to a complaint when the allegations therein refer to the attached documents. This is especially the case when a party requests a declaration of rights with respect to a certain document. Here, I have no such document before me and therefore I have no basis to issue a declaration of rights. Second, the Igous mistakenly believe that I am constricted solely to the issues as framed and presented by the parties. Regarding the Igous' request for a declaratory judgment, I certainly have discretion to *sua sponte* raise the issue that I lack any document before me that would allow me to issue a declaration of rights. Third, the Igous improperly rely on *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787 (9th Cir. 2011) in support of their argument that I erred in dismissing their declaratory judgment claim. While *Balderas* involves a claim under TILA, the case does not involve a request for declaratory judgment. The Igous are correct that in *Balderas* the United States Court of Appeals for the Ninth Circuit criticized attaching a letter to a complaint, but it only did so because the plaintiffs apparently did not meticulously inspect the letter as it revealed certain facts that were damaging to their case. That is the reason the Ninth Circuit criticized the plaintiff for attaching a letter to the complaint; not for the mere sake of attaching a letter to a

complaint.  Thus, *Balderas* offers no support for the Igous' argument.  Fourth, I

dismissed this claim, along with all other claims, without prejudice.  Therefore, the Igous

are free to re-file these claims if they choose to do so.

The Igous have not presented any valid argument that dismissal of their

declaratory judgment claim was clear error or that it resulted in manifest injustice.[1]

Therefore, their Motion To Alter Or Amend Judgment [ECF No. 35] is DENIED as it

relates to their declaratory judgment claim.

### b.  The Igous' TILA claim

In my May 29, 2013, Order [ECF No. 33], I dismissed the Igous' TILA claim

because they failed to allege:  (1) a sufficient nexus between First Integrity Title Agency,

Bank of America, and BAC; and, (2) the specific disclosures that their TILA claim was

based upon.  The Igous argue that this ruling is in error.

Regarding whether the Igous sufficiently pled their TILA claim, the Igous argue

that they need not allege the specific TILA disclosures that their creditor failed to

disclose.  The Igous rely on three cases in support of this argument:  (1) *Maxwell v.

Union Fid. Mortgage, Inc.*, 2009 U.S. Dist. LEXIS 12521 (E.D. Cal. Feb. 19, 2009)

(unpublished); (2) *Collier v. Batiste*, 2005 U.S. Dist. LEXIS 36598 (E.D. La. Oct. 21,

2005) (unpublished); and, (3) *Brown v. Mortgagestar*, 194 F. Supp. 2d 473 (S.D. W. Va.

Apr. 4, 2002).  While the court in all three cases held that the plaintiffs' TILA allegations

were sufficient to withstand a motion to dismiss, the plaintiffs in those cases alleged

their TILA claim with more particularity than the Igous.  For example, in *Maxwell*, the

---

[1] The Igous do not argue that there has been an intervening change in controlling law or that evidence
that was previously unavailable is now available.  Thus, the only logical ground for a motion under FED. R.
CIV. P. 59(e) is "the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete*,
204 F.3d at 1012.  As stated above, my ruling was not clear error and it did not result in manifest injustice.

plaintiff's first cause of action read, in pertinent part:

> Defendants violated the provisions of the Federal Truth in Lending Act and Regulation Z under that Act in relation to the above described transaction by failing to make required disclosures, including but not limited to disclosures related to the finance charges, charging excessive fees, entering into the contract without a good faith belief that Plaintiff could make the required payments, and Defendants also violated the Federal Truth in Lending Act and Regulation Z by failing to provide Plaintiff with copies of the required disclosures and committing other acts according to proof. Among other things, the truth in lending disclosure statement stated that the interest rate was only 2.321% and that the total finance charges would be less than $190,000.00. In reality, the interest rate on the loan was approximately 9.9% and the finance charges to be paid are actually several hundred thousand dollars more than the amount disclosed.

*Maxwell*, 2009 U.S. Dist. LEXIS at *11-12. In *Collier*, the plaintiffs argued that the defendants failed to provide "all 'material' disclosures required by TILA" and that any disclosures contained on the Disclosure Statement given to them by the defendant were inaccurate. 2005 U.S. Dist. LEXIS at *19-20. Specifically, the plaintiffs alleged that "IndyMac failed to provide a Disclosure Statement containing the accurate amount financed, the accurate finance charge, and the accurate annual percentage rate of the loan issued by IndyMac in favor of the Colliers." *Id.* at 19. In *Brown*, the court noted that "Count IX-A alleges '[t]he Defendant took no appropriate action in response to the Plaintiffs' timely cancellation, in violation of 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23." 194 F. Supp. 2d at 477.

In each of the above mentioned cases, the plaintiffs alleged, at the very least, a specific TILA violation and/or specific TILA disclosures that the defendant(s) failed to disclose. Here, the Igous merely allege that: (1) the creditor did not make "many" of the required TILA disclosures; and, (2) "the creditor failed to make any of the disclosures

required by TILA in timely fashion as mandated by TILA and state law." ECF No. 1, p. 3,

¶ 11.  There is no reference to any specific TILA disclosure that the creditor allegedly

failed to disclose.  Further, a discrepancy exists in the Igous' allegations.  In the first

sentence of paragraph 11, the Igous state that the creditor did not make "many" of the

required TILA disclosures. ECF No. 1, p.3, ¶ 11.  Yet in the second sentence of the

same paragraph, the Igous allege that the creditor did not make "any" of the disclosures

in a timely fashion as mandated by TILA and state law. *Id*.  Thus, two salient and related

issues remain unclear:  (1) whether the Igous allege that the creditor did not disclose

"many" or "any" of the required TILA disclosures; and, (2) what exactly the creditor failed

to disclose.  The Igous' allegations are simply insufficient to give the defendant "fair

notice of what the [plaintiffs'] claim is and the grounds upon which it rests." *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007)).  Therefore, the Igous fail to state a claim upon which relief can be granted

and their Motion To Alter Or Amend Judgment [ECF No. 35] is DENIED as it relates to

their TILA claim.

The Igous note that in my May 29, 2013, Order [ECF No. 33] I cite to two

unpublished opinions from district courts outside the United States Court of Appeals for

the Tenth Circuit to support my conclusion that they did not sufficiently plead their TILA

claim:  (1) *Sykes v. Mortg. Elec. Registration Sys.*, 2012 U.S. Dist. LEXIS 35335, *17

(D. Idaho Mar. 15, 2012) (unpublished) (dismissing TILA claim because the "[p]laintiff

fail[ed] to allege how TILA was violated, and what documents or disclosures he was not

provided, and how he relied upon these alleged inadequate documents or disclosures");

and, (2) *Tasaranta v. Homecomings Fin.*, 2009 U.S. Dist. LEXIS 87372, *7 (S.D. Cal.

Sept. 21, 2009) (unpublished) (dismissing TILA claims because plaintiffs failed to allege which TILA provision the defendants allegedly violated and because the plaintiffs made "conclusory allegations" that the defendants "improperly retained funds" and failed to disclose "true finance charges and fees").  The Igous are correct in several respects: (1) the two opinions are unpublished; (2) the cases are from district courts outside the Tenth Circuit; and, (3) the opinions are not binding and/or controlling.  However, although "[u]npublished opinions are not precedential, [they] may be cited for their persuasive value." 10th Cir. R. 32.1(A).  Further, "if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we [the Tenth Circuit] allow a citation to that decision." *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) (citation omitted).  *Sykes* and *Tasaranta* have persuasive value with respect to material issue in this case: whether the Igous sufficiently pled their TILA claim.  *Sykes* and *Tasaranta* assisted me in disposing Bank of America and BAC's Motion To Dismiss Plaintiffs' Complaint And Jury Demand Pursuant To Fed. R. Civ. P. 12(b)(6) [ECF No. 16] and they assist me in disposing of the present motion.  Therefore, citation to these unpublished opinions is permissible.

**B. The Igous' Request for Leave to Amend the Complaint**

Arguing in alternative, the Igous request leave to amend their Complaint [ECF No. 1] and state they "can amend their Complaint and provide detail sufficient to satisfy any reading of *Iqbal* and *Twombly* . . . " ECF No. 35, p. 8, ¶ 24.

The Tenth Circuit "has repeatedly and unequivocally held that, 'once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside

or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996)).  "[E]ven though Rule 15(a) states that 'leave [to amend] shall be freely given when justice so requires,' 'this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed.'" *Id.* (quoting *Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004)); *see also Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) ("the liberality of [FED. R. CIV. P. 15(a)] is no longer applicable once judgment has been entered").

     This case presents somewhat of a procedural anomaly because the Igous prematurely filed their Motion To Alter And Amend Judgment [ECF No. 35] and acknowledged such in their motion. *See* ECF No. 35, p. 1, n.1.  The Igous further request that although their motion is premature, I treat it as a properly filed motion to alter or amend judgment under either FED. R. CIV. P. 59 or 60. *Id.*  As stated earlier, I treat this motion as a properly filed motion to alter or amend judgment under FED. R. CIV. P. 59.  That said, I cannot entertain a request for leave to amend the Complaint [ECF No. 1] until and unless judgment is set aside or vacated.  Because I am denying the Igous' Motion To Alter And Amend Judgment [ECF No. 35] and letting the judgment stand, filing an amended complaint is not permissible.  Therefore, the Igous' Motion To Alter Or Amend Judgment [ECF No. 35] is DENIED to the extent the Igous request leave to file an amended complaint.

**CONCLUSION**

After careful consideration of the matters before this Court, it is

ORDERED that the Igous' Motion To Alter Or Amend Judgment [ECF No. 35] is

**DENIED**.

Dated:  December 20, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge